UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Anthony Favors,<br><br>              Plaintiff,<br><br>v.<br><br>Colleen Davis, Adam Anderson, Marcus Barnes, John Doe, Nancy Johnston, and Jodi Harpstead,<br><br>              Defendants. | Case No. 24-CV-3303 (PJS/TNL)<br><br>ORDER AND<br>REPORT AND RECOMMENDATION |

**IT IS HEREBY ORDERED THAT:**

1. The application to proceed *in forma pauperis* of Plaintiff Joseph Anthony Favors [ECF No. 2] is **GRANTED**.

2. Favors must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Favors does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend dismissing this matter without prejudice for failure to prosecute. Marshal Service Forms will be provided to Favors by the Court.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants Colleen Davis, Adam Anderson, Marcus Barnes, Nancy Johnston, and Jodi Harpstead—as sued in their individual capacities—consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4.      If a defendant fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process.  Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.  *See* Fed. R. Civ. P. 4(d)(2).

5.      The U.S. Marshals Service is directed to effect service of process on Defendants Davis, Anderson, Barnes, Johnston, and Harpstead—as sued in their official capacities with the State of Minnesota—consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

Furthermore, **IT IS HEREBY RECOMMENDED THAT**:

1.      Favors's request for a "Temporary Harassment Restraining Order" in the Complaint [ECF No. 1 at 34] and in Favors's Memorandum Supporting Motion for Accelerated THRO and Injunctive Relief [ECF No. 3 ("Memorandum")] be **DENIED**. The Court construes Favors's request as one for a temporary restraining order ("TRO"). [*See, e.g.*, Compl. 34 ("Plaintiff is requesting the Court issue an immediate Peremptory Temporary Harassment Restraining Order (THRO) *before Defendants can respond to this Complaint . . . .*" (emphasis added)).]  Under Federal Rule of Civil Procedure 65(b), a court may issue a TRO "without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in

writing any efforts made to give notice and the reasons why it should not be required." There is no indication that Favors has given Defendants "written or oral notice" of his TRO request. And while Favors has provided certain information to the Court in the Complaint and Memorandum, he has not clearly shown that a TRO is necessary to prevent "immediate and irreparable injury, loss, or damage." Nor has he provided any information concerning attempts to give notice to Defendants.

2. To the extent Favors's Complaint and Memorandum reflect a request for a preliminary injunction, the Court also recommends that this request be **DENIED**. Under Federal Rule of Civil Procedure 65(a), a district court "may issue a preliminary injunction only on notice to the adverse party." As of yet, Defendants have not been served in this action, and there is no indication that they have notice of Favors's request for a preliminary injunction.

Dated: August 20, 2024

*s/ Tony N. Leung*

_____
Tony N. Leung
United States Magistrate Judge

*Favors v. Davis*
Case No. 24-cv-3303 (PJS/TNL)

## NOTICE

**Filing Objections:** This document's Report and Recommendation component is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).